**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **GYANU KUSHAWAH** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO:5:20-cv-1184** |
| | § | |
| | § | |
| **WIPRO LTD.** | § | |

**PLAINTIFF KUSHAWAHS ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Gyanu Kushawah, complaining of and asserting claims of breach of contract and fraud against Defendant Wipro, Ltd. ("Wipro"). Kushawah alleges that Wipro has breached its obligations under a settlement agreement and committed fraud and fraudulently induced Plaintiff Kushawah into entering into the agreement and dismissing his claims filed with the Equal Employment Opportunity Commission for discrimination, retaliation and wrongful termination, and for cause of action shows unto the Court the following:

**PARTIES AND SERVICE**

1.      Plaintiff Gyanu Kushawah is a resident of Texas and all acts committed in violating the agreement at issue were committed in and the negotiations occurred in the Western District of Texas, San Antonio Division.

2.      Defendant WIPRO LTD is a foreign Indiana for profit corporation doing business within the Western District of Texas, San Antonio Division. A request for waiver of service is being sent to Defendant.

**JURISDICTION AND VENUE**

3.      This Court has jurisdiction to hear the merits of Plaintiff's claims as they are

brought under Federal Law, specifically Title VII of the Civil Rights Act of 1964 and The Americans with Disabilities Act as Amended and the Family Medical Leave Act. Moreover, jurisdiction is present based on the diversity jurisdiction of the court as Defendant is a foreign corporation and Plaintiff is a Texas resident.

4.      This Court has supplemental jurisdiction over Plaintiff's claims arising under Texas statutory law under 28 U.S.C. § 1367.

5.      At the time of filing, damages are within the jurisdictional limits of this Court.

6.      All the acts alleged herein occurred within the jurisdiction of the Western District of Texas, San Antonio Division.

7.      Venue in this district and division is proper under 28 U.S.C. § 1391(b)(2).

## MISNOMER/MISIDENTIFICATION

8.      In the event that any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or that such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## CONDITIONS PRECEDENT

9.      Plaintiff asserts that all conditions precedent to the filing of this lawsuit have been met.

## FACTS

10.      Plaintiff Kushawah and Defendant Wipro, Ltd. Entered into a settlement agreement with regard to his asserted claims with the Equal Employment Opportunity Commission related to disability discrimination and retaliation claims and violations by Defendant of the Family Medical Leave Act.

2

11.     The agreement was signed by Plaintiff on or about September 7, 2020.

12.     The agreement provided as follows:

**1.     <u>Consideration.</u>**  In exchange for the promises made by and in consideration for all the terms entered into by Kushawah in this Agreement, including the general release of claims, if Kushawah signs and returns the executed copy of this Agreement to Wipro, Wipro agrees to pay Kushawah, within fourteen (14) days after receipt of this signed Agreement and applicable completed tax forms, the total settlement sum in the amount of ONE HUNDRED FORTY-FIVE THOUSAND DOLLARS AND ZERO CENTS ($145,000.00).   The settlement sum will be allocated as follows:

 a.  One check made payable to Gyanu Kushawah in the amount of FIFTY-FIVE THOUSAND DOLLARS and ZERO CENTS ($55,000.00), less applicable withholdings for wage based compensatory damages for which a W-2 will be issued. Mr. Kushawah will provide an updated W-4.

 b.  One check made payable to Gyanu Kashawah in the amount of FIFTY-FOUR THOUSAND DOLLARS and ZERO CENTS ($54,000.00), representing personal injury and compensatory damages for which a 1099 will be issued. Kushawah will provide a W-9.

 c.  One check made payable to Poncio Law Offices, PC in the amount of THIRTY-SIX THOUSAND DOLLARS and ZERO CENTS ($36,000.00), representing attorneys' fees and expenses. A 1099 will be issued to Poncio Law Offices, PC and Kushawah for this amount. Poncio Law Offices, PC will provide a W-9.

As further consideration, Wipro will reclassify Kushawah's termination as a "lay-off".

13.     The agreement was signed and returned to Defendant's counsel by Plaintiff on September 7, 2020, along with relevant tax documents as required under the agreement.

14.     One payment for $55,000.00 less applicable withholding was received from Defendant on or about September 22, 2020.

15.     However, although required under the agreement, the remaining funds have yet to be paid by Defendant despite repeated promises to do so.  The promises on which Plaintiff relied have proven to be false.  No additional required payments have been received by the September 21, 2020, deadline.  Moreover, despite repeated agreements to do so, Defendant has not provided

3

a requested letter setting out that he was "laid off" as agreed in the settlement agreement and providing the date of such lay off.

16.     As a result, Plaintiff has been required to retain counsel and incur attorneys' fees and costs related to the filing of this suit.

17.     The settlement agreement was drafted by Defendant's counsel, so any ambiguity should be construed against Defendant.

18.     Moreover, the agreement was negotiated and entered into by fax and/or phone and/or email in San Antonio, Bexar County, Texas.

19.     As a result of the agreement, Plaintiff dismissed his EEOC claims and any right to file said federal and/or state labor claims has been waived and/or dismissed and/or would be untimely as a result of Defendant's conduct and Plaintiff should be entitled to damages he would have received as a result of those claims related to his March 19, 2020, termination and related FMLA retaliation claims.

## PROMISSORY ESTOPPEL/DETRIMENTAL RELIANCE

20.     The evidence will show that:

(1) Defendant made a promise to Plaintiff that he would receive payment in return for dismissal of his EEOC and TCHRA claims.

(2) It was foreseeable to Defendant that Plaintiff would rely on that promise.

(3) Plaintiff did in fact rely on that promise and sustained damages as a result.

## BREACH OF CONTRACT, FRAUD AND FRAUDULENT INDUCEMENT

21.     Defendant entered into an agreement with Plaintiff and it was foreseeable that Plaintiff would rely on those representations and agreements.  It is believed that the promises and representations were made falsely and fraudulently in order to induce Plaintiff to dismiss his

TCHRA and EEOC claims. Moreover, Defendant subsequently breached the terms of the agreement.

## DAMAGES

22.     Plaintiff alleges that as a direct and proximate result of the conduct and/or omissions on the part of the Defendant, he is entitled to recover at least the following legal damages:

    a.  Lost wages, past and future;

    b.  Compensatory Damages, including Mental Anguish, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life suffered in the past, and which, in all reasonable probability, which will be suffered in the future;

    c.  Pecuniary losses; and punitive damages

    d.  Reasonable attorney fees, expert fees and costs.

    e.  Payment terms and remaining payments of at least $110,000.00 and reinstatement of his rights to proceed a claim for damages allowed under his TCHRA and EEOC claims.

## ATTORNEY FEES

23.     Defendant's conduct as described in this petition and the resulting damage and loss to Plaintiff has necessitated Plaintiff's retaining counsel.  Therefore, Plaintiff seeks all reasonable and necessary attorney fees in this case which would include at least the following:

    a.  Preparation and trial of the claim, in an amount the jury deems reasonable;

    b.  Post-trial, pre-appeal legal services, in an amount the jury deems reasonable;

    c.  An appeal to the Court of Appeals, in an amount the jury deems reasonable;

d.  Making or responding to an Application for Writ of Error to the Supreme Court, and attorneys' fees in the event that application for Writ of Error is granted, in an amount the jury deems reasonable; and

e.  Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

Judgment against Defendant for Herrmann's actual damages, including lost wages and benefits (both front and back pay) due to its underlying discrimination and retaliation and violations of the FMLA;

Judgment against Defendant for compensatory damages in the maximum amount allowed by law and for punitive damages;

An order that Defendant take such other and further actions as may be necessary to redress Defendant's violations of the agreement and  violation of the Civil Rights Act, FMLA and the TCHRA;

Pre-judgment and post-judgment interest at the maximum allowed by law;

Costs of suit, including attorneys' fees; and

A trial by jury and such other and further relief, both at law and in equity, to which Herrmann may be justly entitled.

Respectfully Submitted


 /s/    *Adam Poncio*
**ADAM PONCIO**
**State Bar No. 16109800**
salaw@msn.com
**ALAN BRAUN**
**State Bar No. 24054488**
abraun@ponciolaw.com

**PONCIO LAW OFFICES**
**5410 Fredericksburg Road, Suite 109**
**San Antonio, Texas 78229-3550**
**(210) 212-7979 Telephone**
**(210) 212-5880 Facsimile**

**ATTORNEYS FOR PLAINTIFF**